Filed 10/31/13  Taitz v. Obama CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ORLY TAITZ,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>BARACK OBAMA et al.,<br><br>    Defendants and Respondents. | G047746<br><br>(Super. Ct. No. 30-2012-00582135)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Charles Margines, Judge.  Affirmed.

Orly Taitz, in pro per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

\*          \*          \*

Orly Taitz filed a statement of contest seeking to prevent the Secretary of State from certifying the election results of the 2012 primary election, contending President Obama is not a natural born citizen, and thus is ineligible for the office of the President, and that California voter rolls are rife with fraud. She named as defendants President Barack Obama, Senator Diane Feinstein, and Elizabeth Emken, who prevailed over Taitz in the Republican primary to later challenge Senator Feinstein in the general election. Failing in her attempt to block the primary results, Taitz later filed an ex parte motion seeking to stay certification of the results of the 2012 general election.

The trial court denied her motion for a stay of certification and dismissed the proceeding on multiple grounds, including that Taitz never properly served defendants, failed to exhaust her preelection remedies, that her challenge was barred by laches, and that only the Sacramento Superior Court has jurisdiction to hear such election challenges. The trial court also awarded third party discovery sanctions against Taitz. We affirm.

FACTS

On July 9, 2012, Orly Taitz filed an "Affidavit of Elections Challenge" to the 2012 California primary election, in which she was a candidate for the Republican nomination to challenge Senator Diane Feinstein's seat in the United States Senate. Taitz alleged President Obama fraudulently represented his place of birth, is not a natural born citizen, and thus is ineligible for the office of President of the United States under article II, section 1 of the United States Constitution. She attached affidavits from several purported experts testifying to various pieces of evidence Taitz claims proves President Obama misrepresented his birthplace. She also claimed, based principally on four illegible pages of the voter rolls, that the voter rolls are full of individuals as old as 200 years old. For relief, Taitz sought declaratory and injunctive relief precluding the

2

certification of all votes in the 2012 primary election, and in particular all votes for President Obama.

Taitz filed an ex parte motion for a 45 day stay of the certification of the primary election results. The hearing was held on July 13, 2012, and there was apparently argument, though Taitz did not provide a reporter's transcript on appeal. Taitz did provide a minute order denying her motion, but the minute order does not set forth the grounds for the denial.

In October, Taitz filed an ex parte motion to obtain third party discovery from Occidental College, which she claims has evidence concerning President Obama's citizenship. She also moved ex parte for a stay of certification of the 2012 *general* election results. Taitz did not provide us a copy of either motion, nor did she provide a reporter's transcript of the hearing. Counsel for Occidental College appeared. On November 1, 2012, the court denied the motions and awarded sanctions against Taitz payable to Occidental College's counsel in the amount of $4,000.

Around the same time, Taitz moved for an entry of default against defendants President Obama, Senator Feinstein, and Elizabeth Emken, none of whom had appeared. Again, we were not provided with the moving papers, nor the reporter's transcript. On November 7, 2012, the court denied the motion on four grounds. First, it held there was no proper service. Second, Taitz failed to exhaust her preelection remedy of obtaining a writ of mandate pursuant to Elections Code section 13314. Third, the petition was untimely — both prematurely filed and, because Taitz waited so long to properly serve defendants, barred by laches. Fourth, only Sacramento County Superior Court had jurisdiction to hear the case pursuant to Elections Code section 16421. On December 3, 2012, Taitz appealed from the orders entered on November 1 and 7, 2012.

## DISCUSSION

We begin with the observation that ultimately undermines everything Taitz attempted to do below: this was a challenge to a *primary* election.

With that in mind, the most fundamental defect in Taitz's election contest was that the Orange County Superior Court, where the contest was filed, does not have jurisdiction. Elections Code section 16421, which governs the filing of challenges to a primary election, states, "In the case of an office for which candidates are certified for the ballot by the Secretary of State, or in the case of a statewide ballot measure, *the superior court having jurisdiction shall be the Superior Court for the County of Sacramento*." (Italics added.) The elections at issue here were for United States President and the United States Senate, for both of which the California Secretary of State certifies candidates for the ballot.

Taitz counters that, rather than dismissing the action, the court was compelled to transfer the action pursuant to Code of Civil Procedure section 396, which states, "(a) No appeal or petition filed in the superior court shall be dismissed solely because the appeal or petition was not filed in the proper state court. [¶] (b) If the superior court lacks jurisdiction of an appeal or petition, and a court of appeal or the Supreme Court would have jurisdiction, the appeal or petition shall be transferred to the court having jurisdiction upon terms as to costs or otherwise as may be just, and proceeded with as if regularly filed in the court having jurisdiction." Code of Civil Procedure section 396, however, applies by its own terms only to an "appeal or petition," and concerns transfers of "appeals or petitions" from a superior court to an appellate court *having jurisdiction*. Under Elections Code section 16421, an appellate court does not have original jurisdiction. Original jurisdiction lies in the Sacramento Superior Court. Thus, Code of Civil Procedure section 396 does not apply here. Accordingly, dismissal was proper.

4

Additionally, the orders Taitz appeals from were issued long after the superior court could have done anything about the primary election. Elections Code section 16520, which sets forth the procedures for contesting primary elections, states, "The clerk of the superior court, within five days after the end of the time for filing affidavits, shall present all the affidavits to the presiding judge of the superior court. The presiding judge shall forthwith designate the time and place of hearing, *which shall be not less than 10 nor more than 20 days from the date of the order*." (Italics added.) The end of the time allowed for filing statements of contest to a primary election is "five days after either the completion of the official canvass or the completion of any postcanvass risk-limiting audit conducted pursuant to Section 15560 by the county last making the declaration."[1] (Elec. Code, § 16421.) The trial court found the Secretary of State declared the results of the election on July 13, 2012, which meant the end of the period for filing statements of contest was July 18, 2012, and the clerk had until July 23, 2012, to notify the superior court of all contests filed. The superior court was then required to hold a hearing between 10 and 20 days of that notification. The latest a hearing could be held was August 13, 2012 (Aug. 12 was a Sunday).

There was a hearing on July 13, 2012, at which the court denied Taitz's ex parte motion for a 45 day stay of the certification of the election results — a request that was wholly outside the statutory procedure for challenging a primary election — and five days before the end of the time allowed for filing statements of contest. We have no indication that Taitz requested the court to set a hearing before August 13 on her statement of contest, nor did she seek an emergency writ of mandate to challenge the

---

[1] "The 'official canvass' is the public process of processing and tallying all ballots received in an election, including, but not limited to, provisional ballots and vote by mail ballots not included in the semifinal official canvass. The official canvass also includes the process of reconciling ballots, attempting to prohibit duplicate voting by vote by mail and provisional voters, and performance of the manual tally of 1 percent of all precincts." (Elec. Code, § 335.5.)

court's failure to set such a hearing. While the clerks of the Sacramento Superior Court are presumably familiar with their duty to notify the presiding judge of a statement of contest, so as to trigger the presiding judge's duty to set a hearing, it is unreasonable to expect a clerk of a court that *never* hears these election challenges, and is statutorily ineligible to do so, to be aware of the statutory procedure. Taitz's failure to bring to the court's attention that it was purportedly required to hold a hearing on or before August 13 forfeited her challenge to the primary election. And by the time of the court's dismissal of Taitz's petition on November 7, 2012 — which is one of the orders she appeals from — the *general* election had already occurred. It was far too late for any further challenge to the primary election, so dismissal was proper.

Moreover, even if the November 7, 2012 dismissal had still been within the proper time frame for challenging the primary election results, Taitz's notice of appeal was untimely. Elections Code section 16920, which governs appeals concerning challenges to primary elections, states, "Either party to a contest may appeal to the district court of appeal of the district where the contest is brought, *if the appeal is perfected by the appellant within 10 days after judgment of the superior court is pronounced*. The appeal shall have precedence over all other appeals and shall be acted upon by the district court of appeal within 10 days after the appeal is filed." Here, the court's order of dismissal is dated November 7, 2012. Taitz filed her notice of appeal on December 3, 2012. It was untimely.

We recognize that Taitz also appeals from an order denying her ex parte motion to challenge the results of the *general* election. The problem is there is no provision in the Elections Code for challenging the results of a general election by ex parte motion. Rather, the Elections Code sets forth specific procedures for challenging the results of a general election *by verified statement of contest*. (Elec. Code, §§ 16400, 16401.) Taitz never filed a verified statement of contest to the *general* election, much

6

less served it on the defendants.  Thus there was no proper challenge to the general election before the court.

Even if Taitz's ex parte motion could somehow qualify as a verified statement of contest, moreover, Taitz did not provide us a copy of the motion.  Nor did she provide us with a reporter's transcript or any other record of the court's basis for denying the motion.  We do not presume error on appeal.  It is the appellant's burden to provide an adequate record of review.  Taitz did not do so, and thus we would be compelled to affirm even if the challenge had been procedurally sound.  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575.)

Finally, Taitz's challenge to the award of $4,000 in discovery sanctions in favor of third party Occidental College likewise fails.  Taitz contends the trial court erroneously determined that the records she sought from Occidental College were private.  To begin with, she has not provided us a copy of the motion, the subpoena, or the reporter's transcript.  Accordingly, we have no way of meaningfully reviewing the order and would affirm on that basis alone.  Further, according to the notice of ruling prepared by Occidental College's counsel, the court's order was based on numerous grounds, not simply privacy, none of which Taitz addresses in her brief.  For example, the court found, (1) the ex parte motion to compel was prepared, filed, and served *before* Taitz filed and served the underlying subpoena itself; (2) "[t]he 'ex parte' motion refers to a request for documents pursuant to . . . *Code of Civil Procedure* Section 2031.310 which applies . . . only to parties and Occidental College is not a party in this action;" (3) the subpoena gave Occidental College *less than 24 hours* to respond; (4) the subpoena was served by e-mail; and (5) "the relief sought cannot be obtained via *ex parte* application . . . ."  Taitz addressed none of these rationales and thus waived the issue on appeal.

DISPOSITION

The orders of the trial court are affirmed.


IKOLA, J.

WE CONCUR:


FYBEL, ACTING P. J.


THOMPSON, J.